UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSEPH M. TARLANO,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-71

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**

_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Child Disability Benefits ("CDB")[2] and Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "Disability for purposes of [CDB] benefits is defined by statute using the same language used to define 'disability' for [Disability Insurance Benefits] and SSI eligibility…[w]hen making a disability determination related to a child's disability benefits application, the Commissioner applies the same five-step sequential process used to make disability determinations related to DIB and SSI applications." *Welch v. Colvin*, No. 3:12-cv-654-CAN, 2014 WL 4261244, at *3 (N.D. Ind. Aug. 28, 2014). Citations in this Report and Recommendation to SSI regulations are made with full knowledge of the corresponding CDB regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

### A.  Procedural History

Plaintiff filed for CDB and SSI alleging a disability onset date of October 1, 2008 when he was 20 years old.[4]  PageID 45.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cyclic vomiting syndrome, esophagitis, hypertension, anxiety disorder, depressive disorder, and somatoform disorder.  PageID 48.

After an initial denial of his application, Plaintiff received a hearing before ALJ Deborah F. Sanders on September 27, 2017.  PageID 61-82.  The ALJ issued a written decision on April 3, 2018 finding Plaintiff not disabled.  PageID 45-55.  Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[5] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 44-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 31-36; see *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

---

[4] An individual is "entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if… [the individual is] 18 years old or older and [has] a disability that began before [they] became 22 years old…" 20 C.F.R. § 404.350(a)(5).

[5] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 45-55), Plaintiff's Statement of Errors (PageID 887-904), the Commissioner's memorandum in opposition (PageID 909-26), and Plaintiff's reply (PageID 927-34). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the medical source opinions of record; and (2) finding that his symptoms were mitigated by treatment. PageID 887-904. Finding error in the ALJ's weighing of the opinion of treaters Arthur Jonas, M.D. and Syed Ali, M.D., the Court does not address Plaintiff's second alleged error and, instead, directs that this matter be addressed by the ALJ on remand.

With regard to medical source opinions, Plaintiff alleges error in the weighing of opinions offered by his treaters, Drs. Jonas and Ali; examiners Mary Ann Jones, Ph.D. and Theresa Zwiesler, C.N.P.; and record reviewers Gerald Klyop, M.D.; Diane Manos, M.D.; Leslie Rudy, Ph.D.; Leanne Bertani, M.D.; and Paul Tangeman, Ph.D. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically

acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Dr. Jonas opined, on May 20, 2017, that Plaintiff suffers from cyclical vomiting syndrome several times per month. PageID 580. Specifically, due to his cyclical vomiting syndrome, Plaintiff experiences, *inter alia*, wretching, heaving, severe vomiting, severe nausea, abdominal pain, dizziness, diarrhea, and exhaustion. *Id*. As a result, Dr. Jonas concluded that Plaintiff would be unable "to perform full-time competitive work over a sustained basis without missing work more than two times a month or being off task more than 15% of the workday" as a result of his cyclical vomiting episodes and treatment for the same. PageID 580-81. Despite Dr. Jonas' longstanding treatment relationship with Plaintiff, the ALJ gave "little weight" to his opinion. PageID 52. The undersigned finds that, in reaching such conclusion, the ALJ erred.

Initially, the ALJ discounts Dr. Jonas' opinion, in part, because Plaintiff's medical records do not "support a finding of Dr. Jonas' recent diagnoses of Ehler-Danlos Syndrome, dysautonomia with hyperhidrosis, and [postural orthostatic tachycardia syndrome]." PageID 52. However, Dr. Jonas' treating source opinion is focused exclusively on Plaintiff's limitations associated with his cyclical vomiting syndrome and, in setting forth those limitations, mentions no other diagnoses. PageID 580-81. Accordingly, the ALJ's reasoning in according Dr. Jonas' opinion "little weight" is not a good reason for rejecting Dr. Jonas' opinion. *See Moore v. Comm'r of Soc. Sec.*, No. 3:18-cv-308, 2019 WL 2462281 at *5 (S.D. Ohio June 13, 2019) (citing *Mosely v. Comm'r of Soc. Sec.*, No. 3:14-cv-278, 2015 WL 6857852 at *6 (S.D. Ohio Sept. 14, 2015) (finding error where the ALJ "fail[ed] to explain how the rejection of one diagnosis leads to a rejection of all limitations opined by [the treating physician]").

7

The ALJ also discounts Dr. Jonas' opinion because it "conflicts with other opinion evidence contained in the record." PageID 52. First, the ALJ relies on two treatment notes indicating Plaintiff had a stable heart rate. *Id*. Initially, it is unclear to the undersigned the medical correlation between Plaintiff's stable heart rate on two occasions and his limitations arising from cyclical vomiting syndrome. To the extent the ALJ could permissibly interpret this medical data and find a correlation, she fails to set forth any explanation in this regard. As such, it is unclear how this evidence is relevant to discrediting Dr. Jonas' opinion. *See Pollard v. Astrue*, No. 1:11–cv–186, 2012 WL 2341814, at *5 (S.D. Ohio June 20, 2012) *report and recommendation adopted by Pollard v. Comm'r of Soc. Sec.*, 1:11-cv-186, 2012 WL 2931310 (S.D. Ohio July 18, 2012) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (the court cannot uphold the decision of the ALJ. . . if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result")).

Further, the ALJ also relies on two treatment notes purportedly describing Plaintiff's symptoms as mild when discrediting Dr. Jonas' opinion. PageID 52. The first note referenced by the ALJ is a record of Dr. Ali in 2015 which, from the Court's review, makes no reference to Plaintiff's symptoms as being "mild." PageID 583-88. Thus, the ALJ's conclusion in this regard is unsupported. *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 461 (6th Cir. 2005) (holding "[t]he ALJ's reasons [for the weight given to a treating source] must…be based on evidence in the record").

The second such note is one written by examiner Ms. Zwiesler, stating that Plaintiff's "symptoms are mild," which is contained within hundreds of pages of notes from Plaintiff's

8

treatment at an emergency room for a refill of his Ativan[7] prescription. PageID 593-877. The ALJ's reliance on an isolated treatment note -- for a diagnosis not at issue -- is in contravention of the regulations. *LaRiccia*, 549 F. App'x, at 384-85 (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (holding the "treating-source rule is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once. . . ."). The ALJ's conclusion in this regard is thus unsupported by substantial evidence.

Based on the foregoing, the undersigned concludes the ALJ's weighing of Dr. Jonas' opinion is unsupported by substantial evidence and that reversal is warranted on this basis alone.

In addition to the foregoing, the undersigned finds the ALJ erred in weighing Dr. Ali's treating opinion by failing to conduct a controlling weight analysis. In fact, the ALJ failed to even mention the applicable concept of controlling weight when weighing his opinion and failed to specifically decline to give Dr. Ali's opinion controlling weight. PageID 52. Rather, the ALJ provided a conclusory statement and little, if any, analysis for according Dr. Ali's opinion "some weight." PageID 52-53. As noted by this Court on numerous occasions, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Bowermaster v. Comm'r of Soc. Sec.*, 395 F. Supp. 3d, 955, 961 (S.D. Ohio 2019); *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8,

---

[7] "Ativan is used to treat anxiety, anxiety with depression and insomnia." *Parks v. Comm'r of Soc. Sec.*, No. 1:13-cv-1530, 2014 WL 1493394, at *6 n.10 (N.D. Ohio Apr. 14, 2014).

2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.

Date:  1/29/2020                                /s/Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).